[No. 34741. Department Two. April 16, 1959.]

ARCHIE H. DELAY, JR., *a Minor, by Frances King, his Guardian ad Litem, Respondent,* v. ARCHIE H. DELAY, SR., *et al., Appellants.*[1]

*Gavin, Robinson & Kendrick, Robert R. Redman,* and *Grant J. Saulie,* for appellants.

*Edward P. Reed,* for respondent.

[1]Reported in 337 P. (2d) 1057.

MALLERY, J.—A minor son sued his natural father and stepmother, by his guardian ad litem, to recover for burns received when he was draining gasoline from his father's logging truck. From a verdict for the son, the defendants appeal.

When the respondent was fourteen years old, his natural mother having died, he went to live with his aunt and uncle in Portland, Oregon, where he attended highschool. His father did not support him thereafter, although he returned to his father's home in Klickitat county to visit from time to time.

On Thanksgiving Day, 1953, the respondent visited his father and stayed overnight. About three-thirty or four o'clock the next afternoon, he asked his father for money for gasoline, because he did not have enough in his Model A Ford roadster for the return trip to Portland. This the father refused, but, instead, directed him to get gasoline out of the logging truck. About seven p. m., the respondent went to get the gasoline and, while removing the drain plug in the bottom of the tank in order to drain gasoline into a can, it ignited causing the burns complained of.

The appellants moved for a judgment notwithstanding the verdict on the ground that a minor cannot maintain a tort action against his parents.

The trial court, relying on Borst v. Borst, 41 Wn. (2d) 642, 251 P. (2d) 149, denied the motion. To this ruling the appellants assign error. The assignment is well taken.

In the Borst case the father was in a partnership and, while engaged therein, drove the partnership truck and trailer over the person of his unemancipated minor son, whose presence was unknown to him because he was hiding under a carton. In that case, we recognized the immunity of a parent from suit by his unemancipated child for injuries received within the parent and child relationship. We held that the father was operating the truck and trailer as a partner and did nothing knowingly with regard to his child. The partnership business was not a parental activity. The existence of parental relationship between the partner-

ship driver and the injured child, therefore, did not confer immunity from tort liability upon the partnership.

■ The instant action has no partnership aspects, and the father acted knowingly in his parental capacity. The right of the respondent to maintain this action, therefore, depends on whether or not he was emancipated at the time of the injury. In *American Products Co. v. Villwock,* 7 Wn. (2d) 246, 109 P. (2d) 570, 132 A. L. R. 1010, we said:

"Emancipation, however, whether express or implied, complete or partial, absolute or conditional, is never presumed, but must be clearly proved, and the burden of proof rests upon the one alleging such emancipation. . . .

" . . . The right, as well as the duty, to exercise parental control and to provide parental care and support, is of such paramount importance and necessity, and is so thoroughly recognized in law and by society in general, that any divestiture of that right and that duty must be proved by evidence that is clear, cogent, and convincing."

■■ The fact that the parent allowed the child to live with relatives in another city and to be supported by them, while he attended school there, is not of itself sufficient proof of the emancipation of the minor child. The appellants are immune from liability to the respondent.

The judgment is reversed.

HILL, ROSELLINI, and FOSTER, JJ., concur.

WEAVER, C. J., concurs in the result.

---

May 21, 1959. Petition for rehearing denied.