[No. 36074.   *En Banc.*   April 26, 1962.]

EARL A. LIGHTNER, *Appellant*, v. NEIL BALOW *et al.*,
*Respondents.**

*Wolfstone & Piehler* and *J. Murray Kleist*, for appellant.

*A. C. Van Soelen, John A. Logan,* and *Robert Ward Freeman,* for respondent City of Seattle.

HUNTER, J.—This appeal is from an order by the trial court dismissing the plaintiff's complaint against the defendant city of Seattle.

The plaintiff (appellant), Earl A. Lightner, brought this action against the defendants (respondents), Neil Balow

*Reported in 370 P. (2d) 982.

and the city of Seattle, to recover for personal injuries sustained when he slipped and fell in the restaurant portion of a clubhouse located on the premises of Jefferson Municipal Golf Course in Seattle.

Pursuant to Rule of Pleading, Practice and Procedure 12(b)(6), RCW Vol. 0, the defendant city of Seattle moved to "strike" the complaint against it on the ground the complaint failed to state a claim upon which relief could be granted. The proper motion under the rule, *supra*, is a motion to "dismiss" the complaint. Having in mind the purpose of the defendant's motion, we will consider it as such a motion. The trial court granted the motion upon the basis of the doctrine of governmental immunity. The plaintiff has appealed from the order granting the motion.

The allegations in the plaintiff's complaint which are material to our consideration of this appeal are as follows:

"I. At all times material herein the City of Seattle has been a municipal corporation and was the owner of the clubhouse at the Jefferson Municipal Golf Course in the City of Seattle.

"II. At all times material herein the defendant, Balow, leased a portion of the said clubhouse from the City of Seattle and owned and operated a restaurant on said premises.

"III. On the ninth day of April, 1960, at about 3:00 o'clock P.M., the plaintiff entered the restaurant portion of the said clubhouse as a business invitee and upon entering the dining room portion of the said restaurant, slipped and fell twisting and wrenching his back and spine and striking the back portion of his head upon the floor. The plaintiff's fall was proximately caused by the negligence of the defendants in permitting the surface of the floor to be in an extremely slippery and dangerous condition without any signs or warning, when the same could have and should have been placed upon the said premises, and failing to provide any anti-skid ingredient, surfacing, or other material when the same could have and should have been placed and maintained in the ordinary care and operation of the said premises."

Rule of Pleading, Practice and Procedure 8(a), RCW Vol. 0, sets forth the elements to be contained in a complaint:

"(a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

■ Recently, in the case of *Sherwood v. Moxee School Dist. No. 90,* 58 Wn. (2d) 351, 363 P. (2d) 138 (1961), we discussed the import and meaning of Rule 8(a):

". . . and that there is no necessity for stating the facts constituting a 'cause of action;' but that, on the contrary, a complaint is sufficient if it contains a short and plain statement of the claim showing that the pleader is entitled to relief and a demand therefor.

"In *Conley v. Gibson,* 355 U. S. 41, 45, 2 L. Ed. (2d) 80, 78 S. Ct. 99, the United States Supreme Court, in simple and unmistakable terms, stated the test to be applied in passing upon this motion as follows:

" ' . . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . .' "

Having in mind, then, that under our liberal rules of procedure, pleadings are primarily intended to give notice to the court and the opponent of the general nature of the claim asserted, we are of the opinion that the plaintiff's complaint is not subject to a motion to dismiss under Rule 12(b)(6), *supra.*

Whether the city is immune from liability against this asserted claim depends upon whether its operation of the activities, in relation to which the plaintiff was injured, constituted a proprietary or governmental function.

■ The allegations in the plaintiff's complaint are sufficiently broad to permit evidence of a state of facts which would prove that the operation was a proprietary rather than a governmental function. The plaintiff, under his pleadings, is entitled to introduce evidence on this issue and the trial court, therefore, erred in holding the operation

of the activities in question was a governmental function prior to a consideration of the evidence essential for such a determination.

■ It is argued by the defendant that interrogatories and answers in the transcript disclose information which supports the dismissal. Counsel admits that the motion to dismiss the complaint was not made pursuant to or in compliance with the summary judgment rule; therefore, the trial court could not consider any evidentiary matter outside the pleadings under the bare motion to dismiss the complaint. Moreover, there is no indication that the trial court did consider any depositions in arriving at its decision to grant the defendant's motion.

We need not consider the plaintiff's contention that the rule of governmental immunity for municipal corporations should be abrogated since the plaintiff prevails in this appeal under existing laws.

The judgment dismissing the plaintiff's complaint is reversed, and the cause is remanded with instructions to reinstate the action for further proceedings. Costs will abide the final result of the cause.

HILL, DONWORTH, WEAVER, ROSELLINI, OTT, and HAMILTON, JJ., concur.

FINLEY, C. J., concurs in the result.

FOSTER, J. (concurring)—While I concur in the reversal of the judgment under appeal, nevertheless, sovereign immunity of municipal corporations has been abrogated by statute and is not a defense in any event. This is fully explained in my dissent in *Macy v. Town of Chelan, ante* p. 610, 369 P. (2d) 508.