[No. 38341. Department Two. December 15, 1966.]

PATRICIA STEVENS et al., *Appellants*, v. DENNIS MURPHY et al., *Appellants*, ARTHUR G. STEVENS, *Respondent.**

*Reported in 421 P.2d 668.

*Burkey, Marsico & Rovai*, and *James P. Healy*, for appellants.

*Johnson, Griffin, Boyle & Enslow*, for respondent.

BARNETT, J.†—Minor plaintiffs, Patricia and Colleen Stevens, through their guardian ad litem, appeal from a trial court order by which their claim against defendant Arthur G. Stevens, their father, was dismissed without prejudice. Defendants Dennis Murphy and James Reynolds (and Jane Doe Reynolds) also join as appellants. The minor plaintiffs will hereinafter be referred to as plaintiff appellants; Murphy and Reynolds, as defendant appellants; and defendant Arthur Stevens, as respondent.

For reasons which will later become apparent, we shall carefully summarize the pleadings and other matters of record which are critical to the disposition of this appeal.

As a result of an October, 1963, automobile collision, plaintiff appellants filed a complaint against defendant appellants, alleging that their injuries were caused by the negligence of the latter. In an answer and third party complaint, the defendant appellants added respondent Stevens (the father) as a third party defendant.

Thereafter, plaintiff appellants filed an amended complaint, by which respondent, the father, was added as a party defendant. In the amended complaint plaintiff appellants realleged that the original defendants' negligence was a proximate cause of their injuries. They also alleged that respondent, the added defendant, was their father, and

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

that he had been *grossly negligent* in making a left turn off a highway, and that his gross negligence was also a proximate cause of their injuries.

In his answer to plaintiff appellants' amended complaint, respondent admitted that he was the father of the minor plaintiffs, but denied that their injuries were caused by negligence on his part. As an affirmative defense, respondent alleged that plaintiff appellants' action against him "is barred under the law of the State of Washington, as the said third party defendant is the natural parent and guardian of . . . [plaintiff appellants]."

 Shortly after answering, respondent filed a motion which he denominated as a "Motion and Affidavit to Dismiss Plaintiffs' Complaint Against Third Party Defendant, Arthur G. Stevens." His motion for dismissal was based "on the grounds that the . . . [claims] are prohibited by law." Since an answer had been interposed prior thereto, the motion will be considered as one for a judgment on the pleadings. *United States v. Price-McNemar Constr. Co.,* 320 F.2d 663 (9th Cir. 1963). In a supporting affidavit, the respondent alleged several facts not previously alleged or admitted in the prior pleadings, *viz.,* (1) that at the time of the collision the minor plaintiffs, his natural daughters, "were traveling with him in his parental capacity"; (2) that they were en route to the home of respondent's mother, whom they had intended to visit; and (3) that plaintiff appellants were bringing suit against him without his approval or consent.

In an oral decision (which, incidentally, does not appear in the record), the trial court granted respondent's motion to dismiss plaintiff's action against him. Before a written order to that effect was issued, plaintiff appellants filed a motion to reconsider, asking the trial court to reverse its oral decision to dismiss. In support of their motion, plaintiff appellants filed a written brief. Mention in the brief, the tenor of which was an argument urging the inapplicability of parental immunity to this case, were two undisputed facts which theretofore had not appeared in the record, *viz.,* (1) that respondent, prior to the accident, had been divorced

from the mother of the minor plaintiffs; and (2) that the divorce decree had vested in the mother the care, custody and control of the children, leaving the father with visitation rights and a duty of support.

Defendant appellants, Murphy and Reynolds, likewise filed a motion asking the court to reconsider its oral decision to dismiss plaintiff appellants' claim against their father. As part of their motion, defendant appellants requested the court to consider and publish a deposition previously taken of respondent Stevens. The record reveals that, at the time and place respondent's deposition was taken, all parties to the lawsuit were represented.

The trial court refused to reverse its oral decision and entered a formal order of dismissal, by which plaintiffs' claims against respondent were dismissed without prejudice. The trial judge, in his written order, stated that he had considered the "motion and *affidavit* and the arguments of counsel," and that his ruling was based "on the grounds . . . that . . . plaintiffs have no justiciable claim against . . . their parent." (Italics ours.) The record reveals, also, that the *deposition* of respondent was considered by the trial court in granting the motion to dismiss. The deposition was included in the statement of facts certified by the court. The certification contained the following paragraph:

> THAT the above and foregoing Statement of Facts contains the material facts, matters and proceedings . . . except the oral argument, and contains all of the depositions considered . . . .

The certification of the statement of facts was made in accordance with *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962).

In ruling upon respondent's motion to dismiss, it is clear that the trial court considered matters outside the pleadings. Rule of Pleading, Practice and Procedure 12(c), RCW vol. 0, states in part:

> If, on a motion for judgment on the pleadings, *matters outside the pleadings are presented to and not excluded* by the court, the motion *shall be treated as one for sum-*

*mary judgment* and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . . (Italics ours.)

■■ Since the trial court, in ruling upon the motion, considered extraneous matter, the motion to dismiss was, in substance, converted into a motion for summary judgment, even though it was not denominated as such either by the movant or by the court.

> Although defendant's motion was to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.A., for failure to state a claim upon which relief could be granted, the affidavits introduced by both parties require the motion to be treated as one for summary judgment. . . . The sole question is whether the complaint, together with the affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Federal Rules of Civil Procedure. *Hirsch v. Archer-Daniels-Midland Co.*, 258 F.2d 44, 45 (2d Cir. 1958).

Although the trial court's ruling took the form of an order of dismissal, in substance the trial judge determined that, in the daughters' claim against their father, there was no genuine issue of material fact, and found for the respondent as a matter of law. On this appeal we must, therefore, treat the case as though a formal motion for summary judgment had been made and granted. *International Longshoremen's & Warehousemen's Union v. Kuntz,* 334 F.2d 165 (9th Cir. 1964); *Parmelee Transport Co. v. Keeshin,* 292 F.2d 794 (7th Cir. 1961); *William J. Kelly Co. v. Reconstruction Finance Corp.,* 172 F.2d 865 (1st Cir. 1949). If, from the complete record, it appears that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law, a summary judgment is properly granted. *Nozet v. District of Columbia,* 300 F.2d 735 (D.C. Cir. 1962); *Hirsch v. Archer-Daniels-Midland Co., supra.*

We are satisfied from a review of the record that, for purposes of this appeal, there exists no genuine issue of

material fact. All of the pertinent material considered by the court upon the issue of parental immunity was placed before the court at the *invitation* of all parties to the lawsuit. No error is assigned to the procedure followed by the court in its consideration of this material, which consisted of undenied pleading allegations, an affidavit, a deposition and uncontroverted statements contained in a memorandum submitted upon the motion. Nor do the parties before this court dispute the truth of any fact contained in the material upon which the trial judge based his ruling.

We digress. It has been suggested by Professor Orland in 3 Orland, Wash. Prac. (1960, Supp. 1966), p. 117, that the case of *Lightner v. Balow*, 59 Wn.2d 856, 370 P.2d 982 (1962) has possibly abrogated the language in RPPP 12(b) and (c) requiring that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion" and that the 10-day notice requirement of the summary judgment rule applies equally to those provisions. We deem *Lightner* as not controlling, because there the pertinent matters outside the pleadings were neither certified in the statement of facts nor otherwise identified by the trial court in its order of dismissal, as required by *American Universal Ins. Co. v. Ranson, supra.*

In the instant case, the parties have had reasonable and full opportunity to present material which might bear upon the issue, and which was made pertinent to such a motion by RPPP 56. Hence, the "reasonable opportunity" requirements of RPPP 12(c) have been satisfied.

As viewed most favorably to appellants, the facts are that respondent and his wife had been divorced several years prior to the accident; that the divorce decree vested in the wife the custody and care of the two minor children; that respondent had visiting rights; that on October 4, 1963, respondent, while exercising these visiting rights, was in the act of transporting his daughters in his automobile to his mother's place of residence; and that, while negligently turning left off a highway, he collided head-on with a vehicle in the on-coming lane of traffic.

Plaintiff appellants, in their amended complaint, charac-

terize respondent's conduct as "gross negligence." Assuming, for the purposes of this opinion only, that the respondent was grossly negligent in operating his vehicle at the time of the accident, the question before us becomes: Is respondent immune from suit brought against him by his natural children under the facts and in the circumstances of this case? We are of the opinion that he is.

In *Borst v. Borst*, 41 Wn.2d 642, 251 P.2d 149 (1952), we overruled a longstanding rule of *absolute* parental immunity in lawsuits between child and parent based upon tortious conduct of the parent. We there held that when a child was injured by the negligent act of his father who was operating his truck while engaged in a partnership activity, the father was not immune to suit, since he was not acting, at the time, in his parental capacity. We said, at 657:

> The reasons for the [immunity] rule do not exist, and the mantle of immunity therefore disappears, where the tort is committed by the parent while dealing with the child in a *nonparental transaction.* (Italics ours.)

*Hoffman v. Tracy,* 67 Wn.2d 31, 406 P.2d 323 (1965), is our latest pronouncement on the issue at hand. We there held that a parent who, while transporting her minor child in an automobile, drove while intoxicated, temporarily *abdicated her parental responsibility,* and was subject to suit by her child, who was injured as a result of an ensuing accident. In so holding, we were aided by the case of *Cowgill v. Boock,* 189 Ore. 282, 218 P.2d 445, 19 A.L.R.2d 405 (1950). In *Cowgill,* the court said, p. 293:

> In the instant case, the father in driving the automobile while drunk was engaged in an unlawful act. We are concerned here with a case *involving more than ordinary or gross negligence. It is one of wilful misconduct* of the father whose wrongful act resulted in the untimely death of his young son. The wrongful conduct of the father in driving the automobile while drunk is in no way referable to his duties as a parent. Indeed, in this case there was a *clear abandonment of the parental duty.* (Italics ours).

In *Hoffman v. Tracy, supra,* we said, p. 37:

In the course of the [Borst] opinion, written by Hamley, J., the author cites, as an example of the cases where the parental relationship has been held not to justify immunity, the case of *Cowgill v. Boock,* 189 Ore. 282, 218 P.2d 445, 19 A.L.R.2d 405, wherein the father, while under the influence of intoxicating liquor, had compelled the son to ride in the family car with him. As the author pointed out, this was a case of *willful misconduct,* and in such a case the courts in recent years have uniformly allowed the child a cause of action.

The trial court in this case concluded from the *Borst* case that a parent who takes a child in an automobile with him and drives it while he is intoxicated is *temporarily abdicating his parental responsibilities* and is not entitled to the immunity which is designed to encourage the performance of those responsibilities. We are of the opinion that the trial court was correct in this interpretation of the case. (Italics ours.)

With regard to parental transactions, we observed:

Parenthood places a grave responsibility upon the father and mother. It is their duty to rear and discipline the child. In rearing the child, the parents must provide a home and perform tasks around the home and on the premises. In most cases, it is necessary or convenient to provide a car for family transportation. In all the family activities, the parents and children are living and working together in close relationship, with neither the possibility of dealing with each other at arm's length, as one stranger to another, nor the desire to so deal. The duty to discipline the child carries with it the right to chastise and to prescribe a course of conduct designed for the child's development and welfare. This in turn demands that the parents be given a wide sphere of discretion.

In order that these parental duties may adequately be performed, it is necessary that the parents be not subject to the risk of suit at the hands of their children. If such suits were common-place, or even possible, the freedom and willingness of the father and mother to provide for the needs, comforts and pleasures of the family would be seriously impaired. Public policy therefore demands that parents be given immunity from such suits while in the discharge of parental duties. *Borst v. Borst, supra,* p. 656.

In *DeLay v. DeLay,* 54 Wn.2d 63, 337 P.2d 1057 (1959), the

parent directed his minor son to remove a quantity of gasoline from a logging truck. While the son was in the act of removing the fuel, it ignited, causing him injury for which he sought recovery in damages from his father. We held that the suit would not lie, as the defendant was acting in his parental capacity when he directed his son to take the gasoline out of the truck.

Our decision in the *Hoffman* case, *supra,* was predicated upon the willful misconduct of the parent-tortfeasor. It is thus the law in this jurisdiction that a parent shall be immune from suit in tort brought against him by his minor child, unless (1) the parent committed the alleged tort while acting outside his parental capacity, *e.g.,* while driving a truck on behalf of his partnership business; or (2) the parent had abdicated his parental responsibility, as by *intoxication,* or by some other form of *willful misconduct.*

At the time of the collision, the respondent was transporting his children in his automobile for purposes of visiting his mother—the children's grandparent. This, we think, was an exercise of his parental responsibility. In the exercise of his visiting rights granted by the divorce decree, respondent was acting in his parental capacity. The prior divorce did not totally deprive him of his parental rights. It did not divest him of the right to the love and affection of his children; nor them of the right to his. Nor did the divorce decree take from the children their legitimate claims of support and aid from their father. This is a complete answer to the argument tendered by appellants that the divorce decree extinguished any parental relationship that existed prior thereto. In fact, the right of visitation is meted out to divorced parents in order that the parental relationship will *not* be dissolved.

There is nothing in the evidence which could justify the removal of the bar of parental immunity in the instant case. There is neither evidence that respondent was intoxicated, nor that he otherwise abdicated his parental responsibility, as by some act of willful misconduct. Gross negligence, the most that can be shown from the undisputed facts, differs in kind from "willful misconduct;" the former,

by definition, is still negligence—a lack of care—although of degree substantially greater than that which adheres in ordinary negligence. *Nist v. Tudor,* 67 Wn.2d 322, 407 P.2d 798 (1965). Willful misconduct, on the other hand, has been distinguished as:

[N]ot, properly speaking, within the meaning of the term "negligence." Negligence and wilfulness imply radically different mental states. Negligence conveys the idea of neglect or inadvertence, as distinguished from premeditation or formed intention. An act into which knowledge of danger and wilfulness enter is not negligence of any degree, but is wilful misconduct. *Adkisson v. Seattle,* 42 Wn.2d 676, 682, 258 P.2d 461 (1953).

The Oregon court, in *Cowgill v. Boock, supra,* stated, p. 292:

"Willful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom."

█ This court has not seen fit to remove the mantle of parental immunity in cases of negligence—gross or otherwise—wherein the parent was acting in his parental capacity. Today, appellants urge upon us a rule that parental immunity should not be allowed to bar an action arising out of the parent's gross negligence. We are not constrained to adopt such a rule. We hold that, under the facts of this case, the respondent was acting in his parental capacity at the time of the collision, that he had not abdicated his parental responsibilities, and that the action brought by his daughters against him will not lie.

Appellants further contend that the existence of liability insurance is strong reason for disallowing parental immunity since, in such circumstances, there is less likelihood that the lawsuit will adversely affect the parental relationship. We disagree. The existence of liability insurance does not remove the inherent danger of the destruction of the parent-child relationship.

The cause is remanded to the superior court with instructions to enter a summary judgment in favor of respondent against appellants Colleen and Patricia Stevens. *Nozet v. District of Columbia,* 300 F.2d 735 (D.C.Cir. 1962).

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

---

June 2, 1967. Petition for rehearing denied.