**George T. RIGDON, Jr., an Infant Suing by His Father and Next Freind, George T. Rigdon, Sr., Appellant,**

**v.**

**Martha Jean RIGDON et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

As Modified on Denial of Rehearing Feb. 26, 1971.

As Modified April 2, 1971.

Motion for Leave to Intervene Denied May 4, 1971.

George S. Schuhmann, Louisville, for appellant.

Raymond F. Bossmeyer, Richard W. Iler, Louisville, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

This opinion abandons parental immunity from tort actions by a child against a living parent with certain exceptions hereinafter· mentioned.

On May 9, 1969, appellant, age 7, was injured in a collision between an automobile operated by his mother, Mary Jean Rigdon, and another automobile operated by Richard C. Beeber. The accident resulted in the loss of both feet of the appellant and other permanent injuries to him.

Appellant filed this tort suit against his mother and Beeber seeking damages for his injuries. The mother filed answer pleading parental immunity from any liability to her unemancipated child.

The trial court, following a sixteen-year-old precedent in Harralson v. Thomas, Ky., 269 S.W.2d 276 (1954), dismissed the suit against the mother. This appeal followed.

Appellant contends that the rule in *Harralson,* supra, should be abandoned.

We quote the following statements from Prosser's Law of Torts, 3rd Ed. § 116, p. 879:

" * * * Few topics in the law of torts, in view of modern economic, social and legislative changes, display in their treatment greater inconsistency and more unsatisfactory reasoning. This is true particularly of the third situation named, where the question is as to the civil liability of husband or wife, or of parent or minor child, to one another for acts, which if they were done by one ordinary person to another would be torts. Here there is waged a battle between conflicting conceptions of the family and between idea of individual and relational rights and duties. Here the last few decades have witnessed a great revival of interest, and a shift in the tendencies of the law in the direction of liability where it did not exist before."

In matters concerning property, causes of action seem always to have been fully recognized on the part of either parent or child. Roberts v. Roberts, 1657, Hard. 96, 145 Eng.Rep. 399; Alston v. Alston, 1859, 34 Ala. 15; Lamb v. Lamb, 1895, 146 N.Y. 317, 41 N.E. 26; and Preston v. Preston, 1925, 102 Conn. 96, 128 A. 292. However, beginning with Hewlett v. George, 68 Miss. 703, 9 So. 885, in 1891, the American courts have adopted a general rule refusing to allow actions between parent and child for personal torts. See also McKelvey v. McKelvey, 1903, 111 Tenn. 388, 77 S.W. 664; Roller v. Roller, 1905, 37 Wash. 242, 79 P. 788; Cook v. Cook, 1939, 232 Mo. App. 994, 124 S.W.2d 675; and Miller v. Pelzer, 1924, 159 Minn. 375, 199 N.W. 97.

Notwithstanding the Kentucky Married Woman's Act of 1897, KRS 404.020, until about 1953 this court followed the rule of family immunity. See Dishon's Adm'r v. Dishon's Adm'r, 187 Ky. 497, 219 S.W. 794.

In 1953, this court started to chisel away at the family immunity rule by permitting the wife to sue the husband in tort for negligent operation of an automobile. Cf. Brown v. Gosser, Ky., 262 S.W.2d 480.

In 1961, the rule received another blow in Harlan National Bank v. Gross, Ky., 346 S.W.2d 482, upholding the right of the personal representative of a deceased child to sue the parent of that child to recover damages resulting from the negligence of the parent.

More recently in Thurman v. Etherton, Ky., 459 S.W.2d 402 (decided March 27, 1970), the rule was further eroded by this court's holding that an unemancipated child could sue the estate of a deceased parent in tort. Reference is made to *Thurman,* supra, for the original history of the rule in the United States, also for the reasons usually given for invoking the rule of parental immunity.

Turning from Kentucky history of family immunity, we take a look at other jurisdictions. A thorough and helpful comment appears in the latest issue of Kentucky Law Journal, Vol. 59, No. 1, page 205, which gives a respectable list of legal scholars as critical of the family immunity rule under Note 8. Under Note 10 of this article, we are reminded that the following states have expressly abolished the rule: Alaska, Minnesota, New Hampshire, New York and Wisconsin. See Hebel v. Hebel, 435 P.2d 8 (Alaska, 1967); Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66 (1966); Briere v. Briere, 107 N.H. 432, 224 A.2d 588 (1966); Gelbman v. Gelbman, 23 N.Y. 2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192 (1969); Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963).

The Supreme Court of Oregon allowed recovery by the personal representative of a deceased child against the father of the

deceased for "wilful misconduct" (reckless driving of an automobile while intoxicated) in Cowgill v. Boock, 189 Or. 282, 218 P.2d 445 (1950). Reference is made to this case for a thorough history of the common law rule and its evolution in the courts of the United States.

Our early cases (Broaddus v. Wilkenson, 281 Ky. 601, 136 S.W.2d 1052) justify the common law rule of family immunity on the theory that (1) the "domestic peace and felicity" are promoted, (2) its abrogation would open the door to "fraudulent and fictitious claims", and (3) the rule of "stare decisis" applies.

In the light of modern social and economic conditions, the reasons for the rule no longer outweigh the justifications favoring its abrogation. For a more detailed discussion of arguments for and against the rule, the reader is referred to the exhaustive opinion in Brown v. Gosser, supra.

■ After a careful review of the arguments for and against the parental immunity rule in negligence cases and of the obvious tendency of our recent cases to erode the rule, we are of the opinion that the rule ought to be and is abrogated except in the two following situations: (1) where the negligent act relied on for a recovery involves the reasonable exercise of parental authority over the child, and (2) where the alleged negligent act involves the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child.

Generally, there is no basis for limiting to future cases the impact of a changed rule of tort law. See Kotsiris v. Ling, Ky., 451 S.W.2d 411. In the present situation, however, valid reasons impel a different ruling. It will be recalled that the statute of limitation generally applicable in claims for personal injury requires the filing of the suit within a year of the accident. KRS 413.140(1)(a). The statutory period is extended as to persons under disability, such as infancy. KRS 413.170(1). Thus, abrogation of the parental-immunity rule would permit actions to recover for alleged personal injuries which occurred years ago. The claimed tort-feasors of those days justifiably omitted investigative procedures looking toward defense of such claims, relying on the rule of parental immunity. Stale and meritless claims might well succeed because of reasonable reliance upon the then-prevailing rule of tort law.

It is significant that other jurisdictions which have abolished the parental-immunity rule have limited the application of the new rule to the case on appeal and future cases. See Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193, 199 (1963); Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66 (1966); Silesky v. Kelman, 281 Minn. 431, 161 N.W.2d 631 (1968); Schwartz v. U. S. Rubber Corp., 112 N.J.Super. 595, 272 A.2d 310 (1971); Gibson v. Gibson, Cal.Sup., 92 Cal. Rptr. 288, 479 P.2d 648 (1971); and Vickers v. Vickers, 109 N.H. 69, 242 A.2d 57 (1968), wherein the New Hampshire court ruled that its decision in Briere v. Briere, 107 N.H. 432, 224 A.2d 588 (1966), would not be given retrospective effect.

■ In light of these policy considerations and authorities, the court holds that the change in the rule relating to parental immunity shall be effective and applicable in the present case and in all other cases in which the injury complained of occurred on or after May 9, 1969, the date of the accident in the present case.

The judgment is reversed for proceedings consistent with this opinion.

MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.