[No. 45858.  En Banc.  May 1, 1980.]

IVAN MERRICK, JR., *Appellant,* v. JOLENE SUTTERLIN, *Respondent.*

*Judith Jeffers* and *Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz,* by *Donald J. Horowitz,* for appellant.

*Lee, Smart, Cook, Biehl & Martin, P.S., Inc.,* by *John F. Biehl,* for respondent.

*Daniel F. Sullivan, Dean Bender, Ronald Bland,* and *Donovan Flora* on behalf of Washington State Trial Lawyers Association, amici curiae.

BRACHTENBACH, J.—This case involves the parent–child immunity doctrine. A 2–year–old child was a passenger in an automobile driven by his mother. The mother's car rear-ended another auto, causing, according to the pleadings, severe and permanent injuries including brain damage to the child. The mother was tried and convicted of negligent driving. Through a guardian ad litem the child sued his mother. The able trial judge, relying upon what appeared then to be the law, granted defendant Sutterlin's motion for summary judgment. We reverse and remand for trial.

Cases and commentaries on the parent–child immunity doctrine abound. It is generally agreed that the immunity did not originate in the English common law, but rather was born in and grew from the so–called "great trilogy" of cases. Note, *Intrafamily Tort Injury in New Jersey: Dismantling the Barrier to Personal Injury Litigation,* 10 Rut.–Cam. L.J. 661, 670 (1979). One of the "great trilogy" of cases comes from this court. The first case in the trilogy and the start of the American doctrine of parent–child immunity is *Hewlett v. George,* 68 Miss. 703, 9 So. 885 (1891). That court, without citing any authority, declared that the peace of society and of the families composing society forbids a minor child to appear in court to claim civil redress for personal injuries suffered at the hands of a parent. The Mississippi court's opinion was endorsed by

Tennessee in *McKelvey v. McKelvey,* 111 Ten. 388, 77 S.W. 664 (1903).

The third case in the great trilogy carries the doctrine of the sacredness of the family unit to the most absurd degree yet. In *Roller v. Roller,* 37 Wash. 242, 79 P. 788 (1905), this court held that the incestuous rape of a 15–year–old child could not be the subject of a compensation action because to allow such suit would destroy the family relationship. How unreal.

In more recent cases this court has retreated from the *Roller* decision to a limited extent. In an exhaustive opinion, *Borst v. Borst,* 41 Wn.2d 642, 251 P.2d 149 (1952), this court examined and renounced most of the policy considerations advanced by the cases to justify the doctrine of immunity. We approve of that analysis and need not repeat it here. The holding, however, was limited to a situation where the father was acting in his business capacity, rather than parental capacity, so it is not controlling in this case.

In *Hoffman v. Tracy,* 67 Wn.2d 31, 406 P.2d 323 (1965), a child's action was allowed against her deceased mother's estate on the basis that the mother had abdicated her parental responsibility by driving while intoxicated.

However, in *Stevens v. Murphy,* 69 Wn.2d 939, 421 P.2d 668 (1966), we held that a divorced father, exercising his visitation rights, still stood in a parental relationship and that immunity therefore existed. We overrule that portion of *Stevens* which upheld immunity in its broadest terms.

The text and law review writers have generally been critical of the parent–child immunity doctrine. *See for example* W. Prosser, *Handbook of the Law of Torts* § 122 (4th ed. 1971); 1 F. Harper & F. James, *The Law of Torts* § 8.11 (1956).

The dissent in *Hastings v. Hastings,* 33 N.J. 247, 254, 163 A.2d 147 (1960), lists some 44 articles or texts described as condemning the policy. The criticism continues. *See for example Child v. Parent: Erosion of the Immunity Rule,* 19 Hastings L.J. 201 (1967); *Parent–Child Tort Immunity in Oklahoma: Some Considerations for Abandoning the*

*Total Immunity Shield,* 12 Tulsa L.J. 545 (1977); *The "Reasonable Parent" Standard: An Alternative to Parent–Child Tort Immunity,* 47 U. Colo. L. Rev. 795 (1976); *Parental Immunity: The Case for Abrogation of Parental Immunity in Florida,* 25 U. Fla. L. Rev. 794 (1973); *A Child's Rights Against His Parent: Evolution of the Parental Immunity Doctrine,* 1967 U. Ill. Law F. 805; *The Demise of Parent–Child Tort Immunity,* 12 Willamette L.J. 605 (1976).

Significantly, the Restatement of Torts has adopted a policy of abrogation of the immunity with some limitation.

§ 895G. Parent and Child

(1) A parent or child is not immune from tort liability to the other solely by reason of that relationship.

(2) Repudiation of general tort immunity does not establish liability for an act or omission that, because of the parent–child relationship, is otherwise privileged or is not tortious.

Restatement (Second) of Torts § 895G (1979).

The trend of many modern cases is to limit or entirely abolish parental immunity. For example, in *Lee v. Comer,* __ W. Va. __, 224 S.E.2d 721, 722–23 (1976), the court said:

In recent years the application of this doctrine has begun to recede as rapidly as it had once spread. There has been a definite trend throughout our courts toward the abrogation or limitation of such doctrine. Many jurisdictions have carved out exceptions to the doctrine which indicates a "growing judicial distaste for a rule of law which in one sweep disqualified an entire class of injured minors." *Gibson v. Gibson,* 3 Cal.2d 914, 92 Cal.Rptr. 288, 479 P.2d 648, 650 (1971). We perceive no reason why minor children should not enjoy the same right to legal redress for wrongs done to them as others enjoy. Certainly the need for and value of family tranquillity must not be discounted, but to hold that a child's "pains must be endured for the peace and welfare of the family is something of a mockery".

(Citation omitted.)

The direction of abolition of the doctrine apparently began with *Goller v. White,* 20 Wis. 2d 402, 413, 122 N.W.2d 193 (1963). The court said:

> After a careful review of the arguments for and against the parental–immunity rule in negligence cases, we are of the opinion that it ought to be abrogated except in these two situations: (1) Where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. Accordingly, the rule is abolished in personal–injury actions subject to these noted exceptions.

Other jurisdictions which have limited or abolished the doctrine include: *Hebel v. Hebel,* 435 P.2d 8 (Alaska 1967); *Streenz v. Streenz,* 106 Ariz. 86, 471 P.2d 282 (1970); *Gibson v. Gibson,* 3 Cal. 3d 914, 479 P.2d 648, 92 Cal. Rptr. 288 (1971); *Trevarton v. Trevarton,* 151 Colo. 418, 378 P.2d 640 (1963); *Williams v. Williams,* 369 A.2d 669 (Del. 1976); *Petersen v. Honolulu,* 51 Haw. 484, 462 P.2d 1007 (1970); *Schenk v. Schenk,* 100 Ill. App. 2d 199, 241 N.E.2d 12 (1968); *Rigdon v. Rigdon,* 465 S.W.2d 921 (Ky. 1971); *Sorensen v. Sorensen,* 369 Mass. 950, 339 N.E.2d 907 (1975); *Plumley v. Klein,* 388 Mich. 1, 199 N.W.2d 169 (1972); *Silesky v. Kelman,* 281 Minn. 431, 161 N.W.2d 631 (1968); *Rupert v. Stienne,* 90 Nev. 397, 528 P.2d 1013 (1974); *Briere v. Briere,* 107 N.H. 432, 224 A.2d 588 (1966); *France v. A.P.A. Transport Corp.,* 56 N.J. 500, 267 A.2d 490 (1970); *Gelbman v. Gelbman,* 23 N.Y.2d 434, 245 N.E.2d 192, 297 N.Y.S.2d 529 (1969); *Nuelle v. Wells,* 154 N.W.2d 364 (N.D. 1967); *Falco v. Pados,* 444 Pa. 372, 282 A.2d 351 (1971); *Wood v. Wood,* 135 Vt. 119, 370 A.2d 191 (1977); *Smith v. Kauffman,* 212 Va. 181, 183 S.E.2d 190 (1971); *Lee v. Comer,* __ W. Va. __, 224 S.E.2d 721 (1976); *Goller v. White,* 20 Wis. 2d 402, 122 N.W.2d 193 (1963).

Two states have abolished the doctrine as to damages arising out of the operation of a motor vehicle. Conn. Gen. Stat. § 52–572c; N. C. Gen. Stat. § 1–539.21.

An absolute abrogation of the doctrine of parent–child immunity is not before the court. We have examined every case dealing with the issue. We recognize that there may be situations of parental authority and discretion which should not lead to liability. Several courts, such as Wisconsin and California, have attempted to put forth an all–encompassing rule to deal with these situations. We believe that the better approach is to develop the details of any portions of the immunity that should be retained by a case–to–case determination.

In this case we simply hold that a minor child injured by the negligence of a parent in an automobile accident has a cause of action against that parent. The other issues of parent–child immunity are reserved for further determination.

Reversed and remanded for trial.

UTTER, C.J., ROSELLINI, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and RYAN, J. Pro Tem., concur.