Todd A. HORN, an Infant by his Guardian, Jane Horn, Movant,

v.

Morris HORN, Respondent.

Supreme Court of Kentucky.

March 30, 1982.

William A. Miller, Sr., Louisville, Morris Butler, Greensburg, for movant.

Gregory Y. Dunn, Horse Cave, Robert M. Spragens, Jr., Lebanon, for respondent.

CLAYTON, Justice.

On November 4, 1979, Todd Horn, then fifteen years of age, was seriously injured when a truck driven by Pat Bruce and owned by Don Bruce struck Todd's motorbike on Kentucky Highway 527 in Taylor County, Kentucky. Todd and his father, Morris Horn, had just unloaded some hogs at their barn that night when Mr. Horn asked Todd if he was going to ride his off-the-road bike down the quarter-mile stretch of highway to their home. After Todd indicated he was, Mr. Horn told Todd that he would follow closely behind in his truck to protect Todd from highway traffic. Todd's trail bike was not licensed for street travel because it lacked turn signals, lights, and other required safety features.

As the two drove westbound traveling fifteen to twenty miles per hour and spaced fifty to seventy-five feet apart, the truck driven by Pat Bruce approached from the rear. Mr. Horn testified that he noticed the headlights when they were half-way to their driveway entrance and that he signaled for a left turn from that point on. Pat Bruce, however, denied that the Horn truck ever signaled. Nevertheless, Pat Bruce began passing at approximately forty-five miles per hour and, as he pulled even with Mr. Horn's truck, he first noticed Todd. Unfortunately, Todd already had begun his left turn into the driveway and the collision occurred.

Suit was filed in Todd's behalf by his mother, Jane Horn, against the Bruces and Mr. Horn. A settlement was reached with the Bruces, leaving only Mr. Horn as a party defendant. On September 12, 1980, the Taylor Circuit Court granted summary judgment for Mr. Horn by finding Todd contributorily negligent as a matter of law and Mr. Horn protected by parental immunity. The Court of Appeals affirmed the trial court's judgment by upholding Mr. Horn's immunity even though it disagreed with the trial court's finding Todd contributorily negligent. We granted discretionary review.

In *Rigdon v. Rigdon*, Ky., 465 S.W.2d 921 (1971), this court abrogated the doctrine of parental immunity except in two situations: (1) where the negligent act relied on for recovery involves the reasonable exercise of parental authority over the child, and (2) where the alleged negligent act involves the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child.

Mr. Horn argues that either exception applies here because Todd's presence on the highway was the direct result of both pa-

rental authority and parental discretion with respect to Todd's care. We do not agree with this broad interpretation of the *Rigdon* exceptions.

When *Rigdon* was decided, a number of states already had abolished parental immunity. Wisconsin was the first state to formulate the two exceptions which we adopted in substantially the same form in *Rigdon*. See *Goller v. White*, 20 Wis.2d 402, 122 N.W.2d 193 (1963). Although this court never has had the opportunity to interpret the scope of the exceptions, the Wisconsin Supreme Court has defined them in a way which we favor.

An exercise of parental authority simply involves acts of disciplining a child while an exercise of discretion in providing for the care and necessities of a child is limited to those provisions which a parent is legally obligated to furnish. See *Thoreson v. Milwaukee and Suburban Transport Co.*, 56 Wis.2d 231, 201 N.W.2d 745, 753 (1972). To accept a broader definition would virtually restore parental immunity to its pre-*Rigdon* status.

Under these definitions, Mr. Horn is not entitled to the protection of parental immunity. Therefore, that part of the Court of Appeals' opinion upholding application of immunity is reversed.

Having decided that an action can be asserted against Mr. Horn, we will now address the propriety of the trial court's finding Todd contributorily negligent as a matter of law.

Even if we assume Todd was contributorily negligent in riding his motorbike on the highway at night, we think a genuine issue of material fact exists as to whether Todd's negligence was a substantial factor in causing his own injury. *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980). Without a showing of proximate cause, Todd's contributory negligence, if any, has no legal significance. *Campbell v. Markham*, Ky., 426 S.W.2d 431 (1968).

We think this is a question which should be posed to and answered by a jury. Accordingly, that part of the Court of Appeals' decision reversing the trial court's finding of contributory negligence is affirmed.

The case is remanded to the Taylor Circuit Court for proceedings consistent with this opinion.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON, and STERNBERG, JJ., sitting.

All concur except STEPHENS and STEPHENSON, JJ., who dissent.

STEPHENS, Justice, dissenting.

I respectfully dissent.

I concur with the decision of the majority in reversing the decision of the Court of Appeals with respect to remanding this case for a jury trial on the issue of proximate cause. *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980).

However, I part company with the majority in its refusal to apply the parental immunity doctrine.

To begin with, in *Rigdon v. Rigdon*, Ky., 465 S.W.2d 921 (1971), this court abrogated the doctrine of parental immunity with two major exceptions. In the opinion of the court, in that case, we gave an excellent summary of the historical background of the doctrine of parental immunity as a premise for the decision to change the rule. After studying the opinion, I have concluded that the Court drew the wrong conclusion for its decision and should have continued the rule. The disruption of the unique personal and emotional relationships within the family caused by this type of lawsuit results in far more damage than benefit. It goes without saying that the potential for fraud and collusion in such litigation is another compelling reason to decry the abolition of this salutary and wholesome doctrine. I would overrule *Rigdon*.

Moreover, I believe the majority's adoption of the narrow, Wisconsin view of the two exceptions set out in *Rigdon* is

erroneous. I have no difficulty in applying one of the exceptions to the facts in the present case.

Todd Horn was on the highway in response to actions and suggestions of his father. He had been assisting his father with farm work until after dark. His father directed him to ride the off-the-road motorbike on the public road at night. He instructed Todd how, where and when to drive the bike. When Todd did this, he was responding to parental authority, which is, of course, the first exception set out in *Rigdon.*

I would affirm the Court of Appeals.

STEPHENSON, Justice, dissenting.

I concur in the dissent by Justice Stephens to the extent that it would reinstate the doctrine of parental immunity. However, I would go further in this case and hold that the father should have been given a directed verdict. I do not understand the reasoning that fits the factual situation here into the doctrine stated in section 323, *Restatement of the Law of Torts,* 2d. In my opinion the doctrine does not apply and there is no showing of any breach of duty on the part of the father.

The holding in the majority opinion that an exercise of parental authority simply involves acts of disciplining a child is not realistic and is a real trouble maker for the future.

Accordingly I dissent and would affirm the decision of the Court of Appeals.