FILED
COURT OF APPEALS
DIVISION II
2014 AUG 19 AM 9: 36
STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TORRE J. WOODS, individually; | No. 44346-5-II |
| Appellant, | |
| v. | |
| H.O. SPORTS CO. INC., a for-profit Washington corporation; and MICHAEL E. WOODS, individually; | PUBLISHED OPINION |
| Respondents. | |

MELNICK, J — Torre Woods appeals from the trial court's grant of summary judgment dismissal based on the parental immunity doctrine of his claims against his father, Michael Woods. Michael,[1] driving his motor boat, pulled Torre and his friends on an inflatable tube. Ejected from the tube, Torre suffered a serious injury. He subsequently filed a negligence claim against Michael and a product liability claim against the tube manufacturer. We granted discretionary review on the issue of whether the parental immunity doctrine should be applied to the facts of this case. We reverse the trial court's grant of summary judgment and remand to the trial court to reinstate Torre's negligence action against Michael.

## FACTS

In July 2010, Michael went to a lake with Torre and two of Torre's friends. Michael drove a 240-horsepower jet boat at approximately 30 mph and towed Torre and his friends on an inflatable tube designed and manufactured by H.O. Sports Company, Inc. The tube crossed a wake and all three boys were ejected. One of Torre's friends landed on him. The impact broke Torre's neck and rendered him a quadriplegic.

---

[1] To avoid confusion, we refer to the parties by their first names and mean no disrespect to them.

The tube is a large inflatable device that seats four people. H.O. Sports's recommended maximum speed when pulling the tube is 15 mph for children and 20 mph for adults. Although Michael and Torre had engaged in this activity many times and Michael declared that he "was always careful to operate the boat at a speed that Torre was comfortable with," Michael also stated that he probably could have prevented the accident by travelling at a slower speed. Clerk's Papers at 29.

Torre filed a complaint against Michael for negligence and against H.O. Sports for product liability. Michael filed a motion for summary judgment and argued that the parental immunity doctrine required his dismissal. The trial court granted Michael's motion, ruling that he had parental immunity. A commissioner of this court granted discretionary review of the summary judgment order solely on the issue of the applicability of the parental immunity doctrine to this case.[2] We hold the parental immunity doctrine is inapplicable to this case and reverse the trial court's order granting summary judgment and dismissing Torre's claims against Michael.

## ANALYSIS

### I. STANDARD OF REVIEW

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 271, 285 P.3d 854 (2012). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe

---

[2] The parties have briefed an additional issue based on Torre's motion for reconsideration in the trial court. With his motion for reconsideration, Torre submitted new evidence. The trial court would not consider new evidence and struck it from the record. Because this issue is beyond the scope of the discretionary review order, we decline to consider it.

all facts and the reasonable inferences from those facts in the light most favorable to the nonmoving party. *Loeffelholz*, 175 Wn.2d at 271. Summary judgment is proper only if reasonable persons could reach but one conclusion from the evidence presented. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

II.     PARENTAL IMMUNITY DOCTRINE

The parental immunity doctrine is a judicially created doctrine that originally operated as a nearly absolute bar to a child's lawsuit for personal injuries caused by a parent, regardless of the wrongfulness of the parent's conduct. *See, e.g., Roller v. Roller*, 37 Wash. 242, 79 P. 788 (1905) (father raped daughter). Since its origination, the parental immunity doctrine has been subject to extensive critical commentary, and, like other jurisdictions, Washington has "substantially limited the scope of parental immunity." *Zellmer v. Zellmer*, 164 Wn.2d 147, 155, 188 P.3d 497 (2008); *see also Merrick v. Sutterlin*, 93 Wn.2d 411, 413-15, 610 P.2d 891 (1980). "The primary purpose of the doctrine is to avoid the chilling effect tort liability would have on a parent's exercise of parental discipline and parental discretion." *Zellmer*, 164 Wn.2d at 162. "In exercising that right, parents are in need of a 'wide sphere of discretion.'" *Zellmer*, 164 Wn.2d at 159 (quoting *Borst v. Borst*, 41 Wn.2d 642, 656, 251 P.2d 149 (1952)). Our Supreme Court has confirmed the continued viability of the parental immunity doctrine and has refused to replace it with "reasonable parent" standard of liability.[3] *Zellmer*, 164 Wn.2d at 158-61.

---

[3] The rationale for the parental immunity doctrine has been well documented by our Supreme Court. *See Borst*, 41 Wn.2d at 650-54; *Merrick*, 93 Wn.2d at 412-15; *Zellmer*, 164 Wn.2d at 154-55.

Washington courts have carved out three exceptions to the parental immunity doctrine.[4] The first is where a parent negligently operates an automobile.[5] *Merrick*, 93 Wn.2d at 412, 416 (mother rear-ended car, causing injury to her two-year-old child). The second is where a parent injures his or her child while engaging in a business activity. *Borst*, 41 Wn.2d at 657-58 (father ran over son while driving his business truck). The third is where a parent engages in willful or wanton misconduct or intentionally wrongful conduct.[6] *Hoffman v. Tracy*, 67 Wn.2d 31, 437-38, 406 P.2d 323 (1965); *see also Zellmer*, 164 Wn.2d at 157; *Jenkins v. Snohomish County PUD Dist. No. 1*, 105 Wn.2d 99, 105-06, 713 P.2d 79 (1986).

The Supreme Court to date has avoided adopting a bright line rule for application of the parental immunity doctrine. Instead, in *Merrick*, the court stated that the better approach is to make a case-by-case determination of when to apply parental immunity. 93 Wn.2d at 416.

> We have examined every case dealing with the issue. We recognize that there may be situations of parental authority and discretion which should not lead to liability. Several courts, such as Wisconsin and California, have attempted to put forth an all-encompassing rule to deal with these situations. We believe that the better approach is to develop the details of any portions of the immunity that should be retained by a case-to-case determination.

*Merrick*, 93 Wn.2d at 416.

---

[4] Michael and H.O. Sports urge us to find that parental immunity applies to all recreational activities. We decline the invitation to add a fourth category.

[5] Torre urges us to expand the motor vehicle exception to include motor boats. He cited to no statute or case that defines an "automobile" to include a "motor boat." "We do not consider conclusory arguments unsupported by citation to authority. *State v. Mason*, 170 Wn. App. 375, 384, 285 P.3d 154 (2012); *see* RAP 10.3(a)(6), 10.4.

[6] Torre also argues for the first time on appeal that there is a genuine issue of material fact as to whether Michael's conduct was wanton, thus making the parental immunity doctrine inapplicable. Because Torre neither argued this theory in the trial court, nor did the parties meaningfully address it in the trial court, we do not consider it on appeal. RAP 2.5(a), 9.12.

To determine the scope and breadth of parental immunity, we look to our Supreme Court's pronouncements for guidance. "[W]hen the parental activity whereby the child was injured has nothing to do with parental control and discipline, a suit involving such activity cannot be said to undermine those sinews of family life." *Borst*, 41 Wn.2d at 651. "A parent is not immune when acting outside his or her parental capacity." *Zellmer*, 164 Wn.2d at 155. Parents are immune, however, from claims for negligent supervision of their children. "Subjecting parents to liability for negligent supervision inevitably allows judges and juries to supplant their own views for the parent's individual child-rearing philosophy." *Zellmer*, 164 Wn.2d at 161. "Parents should be free to determine how the physical, moral, emotional, and intellectual growth of their children can best be promoted. Parents should not routinely have to defend their child-rearing practices where their behavior does not rise to the level of wanton misconduct." *Jenkins*, 105 Wn.2d at 105 (citations omitted).

The modern parental immunity doctrine is intended to "avoid undue judicial interference with the exercise of parental discipline and parental discretion. . . . Parents have a right to raise their children without undue state interference." *Zellmer*, 164 Wn.2d at 159. "[T]he purpose of immunity is to provide sufficient breathing space for making discretionary decisions, by preventing judicial second-guessing of such decisions through the medium of a tort action." *Zellmer*, 164 Wn.2d at 160.

Based on the foregoing, we must determine if this case involves parental control, discipline, or discretion for which parental immunity applies. In so deciding, we keep in mind that Torre's lawsuit alleges that Michael failed to exercise ordinary care while operating his boat in an inattentive, careless, or negligent manner. Torre does not allege that Michael acted negligently in allowing him to engage in the activity for which he received his injuries. This distinction is

important. We recognize the difference between a parent having immunity for choosing an activity for his child to participate in versus a parent's negligence while participating in the chosen activity. The former involves parental control, discipline, and discretion. As an example, parental immunity applies to parents' discretionary decisions to allow their children to engage in specific activities. *See Baughn v. Honda Motor Co., Ltd.*, 105 Wn.2d 118, 119-20, 712 P.2d 293 (1986) (nine-year-old child allowed to ride on the back of a mini bike operated by another minor, resulting in injuries); *Delay v. Delay*, 54 Wn.2d 63, 64-65, 337 P.2d 1057 (1959) (parent instructed son to siphon gas from a vehicle, resulting in burn injuries).

The situation before us is more akin to the facts of *Merrick*, where the mother drove an automobile and rear-ended another car. 93 Wn.2d at 412. Her two-year-old child, a passenger in the car, suffered injuries. *Merrick*, 93 Wn.2d at 412. Through a guardian ad litem, the child sued his mother for negligence. *Merrick*, 93 Wn.2d at 412. The Supreme Court reversed the trial court's grant of summary judgment and held "that a minor child injured by the negligence of a parent in an automobile accident has a cause of action against that parent." *Merrick*, 93 Wn.2d at 416. Subsequently, this case has been interpreted to mean that "[a] parent is not immune when acting outside his or her parental capacity." *Zellmer*, 164 Wn.2d at 155.

Here, when Michael drove the boat and towed the tube, his actions did not involve parental control, discipline, or discretion. Michael's actions did not involve negligent supervision of Torre. Lastly, Michael's actions did not involve parental discretion or decision-making in how to raise his child. Instead, Michael's actions involved driving a boat and towing a tube occupied by his son and others, over a wake at a speed higher than the manufacturer's recommendation, which ejected the boys from the tube and injured Torre. Michael thus engaged in an allegedly negligent activity that directly injured Torre. At the time of the accident, Michael's relationship with Torre

was not primarily that of a parent and child, but of a boat driver and tube rider. We hold that the parental immunity doctrine is inapplicable in this case and that the trial court erred by granting summary judgment and dismissing Torre's claims against Michael. In so ruling, we note that the chilling effect of tort liability in this case does not adversely affect Michael's exercise of parental discipline and parental discretion as it relates to Torre. *See Zellmer*, 164 Wn.2d at 162.

We hold that the parental immunity doctrine is inapplicable to Torre's allegations of negligence against Michael under the facts of this case. We reverse the trial court's order granting summary judgment and remand to the trial court to reinstate Torre's negligence action against Michael.

_____
Melnick, J.

We concur:

_____
Hunt, J.

_____
Maxa, J.