In the Matter of IAN S. (Appeal No. 1.)

Petitioners argue on appeal that the evidence supports a finding that respondent had abandoned the child (*see,* Domestic Relations Law § 111 [1] [d] and that the court erred in refusing to sanction the adoption without his consent. Ian was born on March 16, 1980, when the mother was 15 and the father 17. The father was present in the hospital at the time of birth and attended the child's baptism. With the consent of both the mother and father, the maternal grandparents (with whom the mother lived) agreed to care for the child. The father saw the mother and child at least once a week until August 1982 when his relationship with the mother ended. Thereafter, visits were less frequent. Ian's mother and his maternal grandmother testified that between August 1982 and the filing of the adoption petition, there were four or five visits and two attempted visits; the father testified to visits about once a month until the mother's marriage in October 1983, after which permission to see his child was allegedly denied. There is evidence that the economic situation of the father, his transfer to a job in another town, his lack of transportation and his strained relations with the mother leading to her denial of visitation all contributed to the decline in frequency of the visits. The father's failure to pay support is explained by his poor financial condition and the fact that until the mother's marriage the child was cared for by the maternal grandparents, who never requested support. We agree with the court's conclusion that the father did not abandon Ian (*see generally, Matter of Andrew Peter H.T.,* 100 AD2d 624; *Matter of Anonymous,* 81 AD2d 865; *Matter of Anthony John P.,* 101 Misc 2d 918; *Matter of Anonymous,* 101 Misc 2d 169; *cf. Matter of Amy SS.,* 64 NY2d 788, *revg* 100 AD2d 657). Petitioners have failed to meet the "heavy burden of constitutional

magnitude [imposed] on one who would terminate the rights of a natural parent through adoption" (*Matter of Corey L. v Martin L.,* 45 NY2d 383, 386-387). (Appeal from order of Jefferson County Family Court, Gilbert, J. — adoption.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.