[No. 50549–7.   En Banc.   January 16, 1986.]

RODNEY J. TALARICO, *Appellant,* v. FOREMOST INSURANCE COMPANY, ET AL, *Respondents.*

*Manza, Moceri, Gustafson & Messina, P.S.,* by *Michael S. Manza* and *John S. Glassman,* for appellant.

*Williams, Lanza, Kastner & Gibbs,* by *Jerry B. Edmonds* and *Mark A. Maghie,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

The minor plaintiff and another youngster were playing by a fire in the minor plaintiff's backyard when the other youngster burned him. The minor plaintiff, through a guardian ad litem, filed a complaint for declaratory judgment and for damages in tort against his parents and their liability insurance carrier. The parents, in turn, cross–claimed against the insurer for damages alleging a bad faith refusal to defend them in the case. The trial court granted the insurer's motion to dismiss all claims against it.

## ISSUE

The single issue presented on appeal is whether the trial court erred in dismissing all claims against the insurer as a matter of law?

## DECISION

CONCLUSION. Under the law and facts pleaded in the complaint, the child stated no legally cognizable claim against his parents and the child and the parents pleaded no valid claim against the insurer; consequently, the trial court did not err in dismissing their respective claims for "failure to state a claim upon which relief can be granted". CR 12(b)(6).

The case was decided on the pleadings. The sole facts in the record concerning how the injury occurred and the parents' connection with it are those stated in the complaint:

On May 17, 1980, the Plaintiff, Rodney J. Talarico, who was three years old at the time, was severely burned while playing in his parents' backyard. Plaintiff's father had started a fire and left an oil covered bucket burning in it. Plaintiff and his four–year–old cousin, Mathew George, were playing by the fire when Mathew touched

Plaintiff's shirt in the stomach area with the tip of a stick which was coated with molten plastic from the bucket in the fire. Plaintiff's shirt instantly ignited resulting in third degree burns on Plaintiff's chest and arms.

In order for the conduct of parents in supervising their child to be actionable in tort, such conduct must rise to the level of willful and wanton misconduct; if it does not, then the doctrine of parental immunity precludes liability.[1] The complaint filed by the guardian ad litem specifically pleads only "negligent supervision", and the facts further pleaded therein establish that in fact the claimed parental misconduct was negligence rather than willful and wanton misconduct. The trial court did not err in dismissing the minor plaintiff's action against his parents.

In the cause of action alleged by the minor plaintiff against the insurer, his complaint pleaded that "Foremost Insurance Company denied the above–mentioned claim, giving intra–family tort immunity as the reason for the denial, in spite of the Defendants' knowledge that the doctrine of intra–family tort immunity had been abrogated in Washington." The parents, in turn, in their answer and cross complaint against the insurer admitted the allegations in the complaint as to the insurer's claimed wrongful conduct and bad faith, and themselves sought damages against the insurer based on the claim of a bad faith failure to defend.

The pertinent rule of law respecting an insurer's liability for refusal to defend in such cases was expressed by Justice Rosellini writing for the court in *Waite v. Aetna Cas. & Sur. Co.,* 77 Wn.2d 850, 855, 467 P.2d 847 (1970):

> It is the well–recognized rule that an issuer of an indemnity policy who reserves the right and assumes the duty to defend lawsuits, is obliged to defend a suit alleging facts which, if proven, would render the insurer liable. On the other hand, this court has held that, where the insurer refuses to defend a lawsuit on the ground

---

[1] *Jenkins v. Snohomish Cy. PUD 1,* 105 Wn.2d 99, 105, 713 P.2d 79 (1986); *Baughn v. Honda Motor Co.,* 105 Wn.2d 118, 119, 712 P.2d 293 (1986).

that the claim alleged is not covered by the policy, and the claim is in fact one not covered, the insurer is not responsible for the insured's expenses in defending the suit.[2]

(Citations omitted.)

While it is true that the doctrine of parental immunity has been substantially curtailed in numerous respects in this state,[3] it has not been abrogated in parental supervision cases such as this one.[4] It is apparent from the face of the minor child's complaint against his parents that it not only stated no cause of action against the parents, but that it also alleged an event not covered under the policy.[5] Thus, the insurer was under no duty to defend the parents or pay the loss and was not guilty of bad faith toward anyone by declining to do so. Accordingly, the trial court did not err by dismissing all claims against the insurer as it did.

Affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[2]*See also State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139 (1984).

[3]*See Merrick v. Sutterlin*, 93 Wn.2d 411, 610 P.2d 891 (1980); *Jenkins*, and cases therein discussed.

[4]*Jenkins*.

[5]The parties in their arguments concede that there was a family exclusion in the homeowner's insurance policy whereby liability coverage for bodily injury extended to "bodily injury, sickness, disease or death of any person, *except YOU or any resident of YOUR mobile home*". (Italics ours.)