[No. 50473-3.   En Banc.   January 16, 1986.]

CERTIFICATION FROM THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
IN
BRADLEY LESTER BAUGHN, ET AL, *Appellees,* v. HONDA
MOTOR CO., LTD., ET AL, *Appellants.*

*Keller, Rohrback, Waldo, Hiscock, Butterworth & Fardal* and *James P. Rohrback,* for appellants.

*Rush, Kleinwachter, Hannula & Harkins,* by *Paul J. Kleinwachter* and *Daniel R. Kyler,* for appellees.

PER CURIAM.—This case requires us to answer a question

regarding the limits of the parental immunity doctrine. The issue has been certified to us by the United States Court of Appeals for the Ninth Circuit pursuant to RCW 2.60.020.

The Ninth Circuit has provided us with the following agreed facts. In 1972 Bradley Lester Baughn, then 9 years old, was injured in an automobile–minibike collision. Baughn was riding on the back of a minibike operated by a friend, also a minor, when the accident occurred.

Baughn sued Honda and one of its distributors under theories of strict liability, negligence, and breach of warranty. Honda filed a third party complaint against Baughn's parents for indemnity. Honda's basis for the indemnity claim was its allegation that the parents had negligently failed to properly supervise Baughn at the time the collision occurred.

The issue certified on these facts is:

> May a tortfeasor seek indemnity or contribution from parents for tort damages paid to those parents' child, on the theory that the parents' negligent failure to properly supervise the child was the cause of the child's injury?

██ The answer to the specific question posed is "no". We have recently reaffirmed the vitality of the doctrine of parental immunity with respect to assertions of negligent supervision. *Jenkins v. Snohomish Cy. PUD 1,* 105 Wn.2d 99, 713 P.2d 79 (1986). We recognized in *Jenkins,* however, that if parental negligence is such that it amounts to willful and wanton misconduct, the doctrine of parental immunity will not preclude liability. Consequently, if the federal court finds willful and wanton misconduct in the supervision of the child, the answer to the certified question would be "yes".

The rule also has been expressed in *Talarico v. Foremost Ins. Co.,* 105 Wn.2d 114, 116, 712 P.2d 294 (1986) as follows:

> In order for the conduct of parents in supervising their child to be actionable in tort, such conduct must rise to the level of willful and wanton misconduct; if it does not,

then the doctrine of parental immunity precludes liability.

We submit this answer to the federal court for consideration in light of the contentions as established by the pleadings and evidence presented or to be presented pursuant to federal procedure.