■ In the Matter of SHAUN CHRISTOPHER M. Memorandum: Respondent appeals from an order of Family Court which held that his consent was not required for the adoption of his son by his former wife and her new husband because he had abandoned his son. We reverse.

The parties were divorced almost two years after the birth of the child. Petitioner mother was awarded custody, with reasonable visitation privileges afforded to respondent father. Sometime in November 1980, in derogation of respondent's

visitation rights, petitioner and the child moved to California where they resided until January 1982, at which time they returned to Syracuse. While mother and child were in California, the record indicates that the father did not call, write or visit his son. The record also clearly shows that upon their return to Syracuse the father attempted to see the child, but petitioner would not agree to visitation. Respondent thereafter successfully petitioned Family Court for visitation privileges and later petitioned to expand those rights. Although the communications respondent had with his son were not numerous in the six months preceding the filing of the adoption proceeding, the record is replete with evidence of petitioner's efforts to thwart and interfere with respondent's efforts to exercise his parental rights. The record does not support the court's inexplicable conclusion that respondent's efforts to communicate with his son were motivated by an intent to defeat the adoption, rather than to foster a relationship between father and son.

In seeking to determine whether parental rights have been surrendered, a careful evaluation of factual and evidentiary matter is necessary to obviate the need for consent, and the ultimate question is whether the proof establishes abandonment as a matter of law. "The filial bond is one of the strongest, yet most delicate, and most inviolable of all relationships, and in dealing with it we must realize that a child is not a mere creature of the State for distribution by it * * * A termination of parental rights is a drastic event indeed, so much so that it raises questions of constitutional dimension (see *Matter of Goldman,* 41 NY2d 894, 895, *supra; Matter of Bennett v Jeffreys,* 40 NY2d 543, 548, *supra)" (Matter of Corey L v Martin L,* 45 NY2d 383, 392; *see also, Matter of Ian S.,* 110 AD2d 1046).

On this record, there has been not only a failure of proof establishing abandonment by clear and convincing evidence as the court found, but the evidence fails to show abandonment by any reasonable standard. (Appeal from order of Onondaga County Family Court, McLaughlin, J.—adoption.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.