**UNITED STATES of America**

v.

**Robert WOODWORTH.**

No. 3:96 CR 00055–001.

United States District Court,
N.D. Indiana,
South Bend Division.

April 24, 1998.

Fred R. Hains, South Bend, IN, for Robert Woodworth.

Donald J. Schmid, Office of U.S. Attorney, South Bend, IN, for U.S.

## SENTENCING MEMORANDUM

ALLEN SHARP, District Judge.

### I. Procedural History

The defendant, Robert Woodworth, was charged in Count One of a One-count indictment returned by a grand jury in this district on December 4, 1996. Count One charged the defendant with Intent to Extort Through United States Mail in violation of 18 U.S.C. § 876. Defendant pled not guilty to Count One on December 6, 1996 and advised the Court he wished to represent himself during all proceedings. A jury trial was set for April 7, 1997. On February 6, 1997, the defendant appeared in Court and requested court appointed counsel. Counsel was appointed and the trial rescheduled to April 21, 1997. On April 17, 1997, the defendant and the government appeared before this Court with a pre-trial diversion agreement, which the Court approved. The jury trial was vacated. The defendant was placed on pretrial diversion for a period of eighteen months during which time he was to complete 100 hours of community service, undergo mental health counseling, and have no contact with his former employer. On January 15, 1998, the defendant advised the Court

that he wished to withdraw from the pretrial diversion agreement and proceed with a jury trial. Trial was set for February 3, 1998. Defendant was convicted of Count One on February 5, 1998, after a three day jury trial. Because the offense occurred after November 1, 1987, the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines (Guidelines), as amended November 1, 1997, apply to this sentencing, pursuant to *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

### II. The Plea Agreement

There was no plea agreement in this case, as the defendant proceeded to a jury trial.

### III. The Presentence Report

The defendant, defense counsel, and the government have reviewed the presentence report, as has the court. The defendant objects to paragraphs 24, 25, 34, 42, 82 and 83. The government has no objections. All other paragraphs of the presentence report not specifically addressed are adopted by the court as findings of fact and statements of reason for imposition of sentence in this case.

### IV. The Defendant's Offense Level

Sentencing for a violation of 18 U.S.C. § 876 is calculated pursuant to U.S.S.G. § 2B3.3(a) and calls for a base offense level of nine (9). Furthermore, pursuant to § 2B3.3(b)(1), because the extortion involved a request for money in excess of $2,000, the defendant's level is enhanced by seven (7) levels. Thus the total base offense level is sixteen (16).

#### A. Acceptance of Responsibility

■ Pursuant to U.S.S.G. § 3E1.1, a defendant may receive up to a three level reduction for acceptance of responsibility. District courts have broad discretion to grant or deny the reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n. 5); *United States v. Lghodaro,* 967 F.2d 1028, 1031–32 (5th Cir.1992), *reh'g denied.* Furthermore, whether or not a defendant has accepted responsibility for his crime is a factual question. *United States v. Osborne,* 931 F.2d 1139, 1155 (7th Cir.1991), *reh'g denied.* What the sentencing judge is to look for is a defendant's demonstration of

"genuine remorse" or "conscience." *See U.S. v. Zaragoza*, 123 F.3d 472, 480 (7th Cir.1997), *cert. denied* —— U.S. ——, 118 S.Ct. 317, 139 L.Ed.2d 245; *United States v. Beserra*, 967 F.2d 254, 256 (7th Cir.1992), *cert. denied*, 506 U.S. 957, 113 S.Ct. 419, 121 L.Ed.2d 341. The district court's determination as to acceptance of responsibility is highly fact specific and involves the district judge's subjective appraisal of the totality of the defendant's conduct. *See, e.g., United States v. Dvorak*, 41 F.3d 1215, 1217 (7th Cir.1994); *United States v. Rosalez–Cortez*, 19 F.3d 1210, 1218 (7th Cir.1994). This Court is convinced that this defendant demonstrates "genuine remorse" for taking this matter to trial instead of adhering to the provisions of the pre-trial diversion, however, this is not the type of conduct envisioned to warrant this reduction. The defendant admitted sending the letters and admitted asking for money but at all times maintained that his actions were warranted and that he was entitled to "vindication." While this Court may understand and even sympathize with defendant's plight, a reduction for acceptance of responsibility is not warranted in this case.

### B. Potential Grounds for Departure

The defendant advances three arguments as to why this Court should depart from the guidelines in determining his sentence. The United States Supreme Court explained that a sentencing court considering a departure should ask the following questions:

"1) What features of this case, potentially, take it outside the Guidelines' 'heartland' and make of it a special, or unusual case?

2) Has the Commission forbidden departures based on those features?

3) If not, has the Commission encouraged departures based on those features?

4) If not, has the Commission discouraged departures based on those features?"

*Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *accord, United States v. Rivera*, 994 F.2d 942, 949 (1st Cir. 1993). Applying this analysis, the Court addresses each of defendant's purported reasons warranting departure.

### 1. Victim's Conduct

Defendant argues for a downward departure base on U.S.S.G. § 5K2.10, alleging that the victim's wrongful conduct towards him in employment matters and in personal matters significantly provoked defendant's behavior. Victim misconduct is an encouraged basis for departure. *Koon*, 518 U.S. 81, 116 S.Ct. 2035, 2048, 135 L.Ed.2d 392; Section 5K2.10 states:

If the victim's wrongful conduct contributed significantly to provoking the offense behavior, the court may reduce the sentence below the guideline range to reflect the nature and circumstances of the offense. In deciding the extent of a sentence reduction, the court should consider:

(a) the size and strength of the victim, or other relevant physical characteristics, in comparison with those of the defendant;

(b) the persistence of the victim's conduct and any efforts by the defendant to prevent confrontation;

(c) the danger reasonably perceived by the defendant, including the victim's reputation for violence;

(d) the danger actually presented to the defendant by the victim; and

(e) any other relevant conduct by the victim that substantially contributed to the danger presented.

This provision usually is not relevant in the context of non-violent offenses. There may, however, be unusual circumstance in which substantial victim misconduct would warrant a reduced penalty in the case of a non-violent offense. As the Seventh Circuit explained, this provision: contemplates situations where the actions of the victim provoke the conduct of the offense. *United States v. Bigelow*, 914 F.2d 966, 975 (7th Cir.1990), *reh'g denied, cert. denied; See, e.g., United States v. Yellow Earrings*, 891 F.2d 650 (8th Cir.1989) (downward departure warranted where victim pushed defendant, verbally abused her, and attempted to publicly humiliate her when she refused his request for sexual intercourse); *See also United States v. Left Hand Bull*, 901 F.2d 647 (8th Cir.1990) (departure based on victim conduct approved in sentence for threatening letter to ex-wife where

husband frustrated by reports of wife's abandonment of child). However, this Court is not persuaded that this is such a case.

■ While this Court may sympathize with defendant, the reality remains that in today's society concern for and consideration of the individual employee is frequently unimportant in the business world. Companies often transfer employees and make other job related changes. Frequently, employees are unhappy when such changes occur. However, in this case, the victim's conduct does not appear to be so unusual or out of line as to warrant the defendant's "off the wall" response. What is unusual in this case is defendant's perception of the events, paranoia regarding them and his method of dealing with his frustration.

### 2. Mental Defect or Condition (Diminished Capacity)

■ Defendant asserts that he qualifies for a diminished capacity reduction. A significantly reduced mental capacity may be considered to warrant a downward departure, Sections 5K2.13 provides:

Diminished Capacity (Policy Statement)

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

However, the guidelines also state that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range ..." U.S.S.G. § 5H1.3, accordingly, courts have held that in order to qualify for a departure under § 5K2.13 a defendant must be suffering from something greater than "emotional problems," *United States v. Gentry,* 925 F.2d 186, 188 (7th Cir.1991), *reh'g denied,* or "hardship," *United States v. Johnson,* 979 F.2d 396, 401 (6th Cir.1992), *reh'g denied; see also United States v. Withers,* 100 F.3d 1142 (4th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct.

1282, 137 L.Ed.2d 358 (1997). A defendant must also demonstrate that his or her "significantly reduced mental capacity" bears a causal relationship to the crime. *United States v. Goossens,* 84 F.3d 697, 702 (4th Cir.1996); *United States v. Sammoury,* 74 F.3d 1341, 1345–46 (D.C.Cir.1996); *Gentry,* 925 F.2d at 188. This causal connection must consist of more than an emotional weakness that leaves one open to suggestion. Rather, in order to qualify for a diminished capacity departure, a defendant must show an inability "to process information or to reason." *Withers,* 100 F.3d at 1148; *United States v. Barajas–Nunez,* 91 F.3d 826, 831 (6th Cir.1996). The Seventh Circuit requires a finding that the defendant's reduced mental capacity contributed to the commission of the crime; the link cannot be assumed. *United States v. Frazier,* 979 F.2d 1227, 1230 (7th Cir.1992) (remanded: no finding that defendant's "depressed mood" resulted in a significantly reduced mental capacity or contributed to the offense).

■ While it is true that the Seventh Circuit has noted: "[i]f a miserable family history were in an average case a permissible basis for leniency ... this would resurrect the pre-guidelines regime of discretionary sentencing," *United States v. Pullen,* 89 F.3d 368 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 706, 136 L.Ed.2d 627 (1997); *See also United States v. Cantu,* 12 F.3d 1506 (9th Cir.1993), unlike *Pullen,* the argument for this defendant is not based on a miserable family history. Here, defendant has a history of psychological problems. He received treatment as early as 1983. He was diagnosed as having a schizoid personality, being socially withdrawn and socially retarded. In February, 1998, he was diagnosed as having an adjustment disorder and a personality disorder along with depression and anxiety. This Court agrees with Judge Easterbrook and four of his colleagues, who pointed out that U.S.S.G. § 5K2.13 grants a degree of lenity to those less able to control their actions, when those actions are, in fact, not dangerous. *See United States v. Poff,* 926 F.2d 588 (7th Cir.) *(en banc ), cert. denied,* 502 U.S. 827, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991). Easterbrook went on to opine that

"A hefty sentence may be appropriate simply because it incapacitates and so reduces the likelihood of further offenses. When the disturbed person's conduct is non-violent, however, incapacitation is less important." *Id.* at 595 (Easterbrook, J. dissenting).

The present record provides evidence to support a conclusion that Woodworth's ability to process information or to reason was substantially impaired. In fact, the evidence indicates that the entire sequence of defendant's behavior was irrational and impaired. Defendant quit his job because he felt "persecuted" and betrayed. Due to his impaired ability, he did not reason through the potential consequences of this action. When he was unable to find employment with a similar salary, he became increasingly upset. His schizoid disorder and inability to process information lead him to conclude that his employer was responsible for his plight. The incident leading to this conviction ensued. Defendant's inability to reason becomes even more apparent when the government and victim offered an 18 month pre-trial diversion which would have dismissed this case without a criminal record. By making such an offer, the victim and government implicitly acknowledged that defendant was not "dangerous," but was "disturbed." Unfortunately, defendant's psychological problems and inability to reason impaired his ability to understand the significance of the pre-trial diversion. Almost one year into the diversion time, defendant decided to take the case to trial. His inability to reason and to properly process information lead him on a crusade to vindicate mistreated employees. Had defendant's ability to reason and process information not been impaired, he most certainly would not have risked a federal criminal conviction for the, sake of making a point.

Defendant's letter, submitted with the Pre–Sentence Report, explaining his view of the situation and circumstances is further evidence of his schizoid disorder and inability to process information properly. This Court notes that defendant poses no threat to society and not a violent person. Similar to Judge Easterbrook's findings in *Poff,* this defendant's criminal history presents no need to "protect the public" as considered by § 5K2.13. He is currently in therapy and has a stable job. In this Court's opinion, this defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants and therefore warrants a six (6) level reduction in his base offense level. Thus his base offense level is ten (10).

### C. Exceptional Case (Heartland)

Defendant also argues that this case falls outside the "heartland." District courts can depart downward from the applicable Guidelines range when they find a " 'mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines.' " U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Each Guideline carves out a heartland—set of typical cases embodying the conduct that the Guideline describes. *See Koon,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted. Guidelines, Resolution of Major Issues (Policy Statement); see also id. § 5K2.0 ("Grounds for Departure (Policy Statement)").

The Guidelines do not entirely overcome, nor completely hamstring, the trial judge's function to make a reasoned downward departure. Moreover, the sentencing decision always rests with the sentencing judge. While it is true that certain circumstances involved in this case were unusual, the Court has addressed them in considering defendant's "diminished capacity." This Court cannot find sufficient factual support to deem this case "outside the heartland" so as to warrant additional downward departure. Thus, defendant's total adjusted base offense level remains at ten (10). The defendant has zero criminal history points, so his criminal history category is I.

### V. The Defendant's Sentence

With a total offense level of ten (10) and a criminal history of zero (0), the applicable Guideline range for this sentence is 6–12

months. Pursuant to the provisions set forth in U.S.S.G. § 5C1.1(c), the defendant is sentenced to a term of three (3) years probation with the following conditions: six (6) months served in community confinement followed by six (6) months home detention (which may include electronic monitoring) with the conditions that defendant continue gainful employment, continue psychiatric counseling and continue to have no contact with his former employer. The conditions of probation shall include the thirteen standard conditions as listed under U.S.S.G. § 5B1.4, as well as the three (3) conditions listed in the presentence investigation report. Restitution is to be paid in monthly installments and must be paid in full by the completion of defendant's period of supervised release.

### 1. Restitution

The defendant is ordered to pay restitution in the amount of $1,291.00, pursuant to 18 U.S.C. § 3663A. This amount is to be forwarded to the Clerk of the Court in monthly installments and must be paid in full no later than upon the completion of defendant's term of supervised release.

### 2. Fine

The applicable fine range under U.S.S.G. § 5E1.2(c)(3) is from $5,000 to $50,000. Based on the defendant's financial information, the court imposes a $1,000 fine. This is to be paid in monthly installments to the United States Clerk's Office, Room 102, 204 South Main Street, South Bend, Indiana, 46601, and must be paid in full no later than the completion of defendant's period of supervised release. The court must and does assess a special assessment fee of $100.00 to be paid to the Clerk of the Court not later than September 8, 1998.

This sentence is to commence at 12:00 noon on Tuesday, May 26, 1998, when the defendant is ordered to report to the office of the United States Marshal in South Bend, Indiana or directly to the designated institution. The Court recommends that defendant's community confinement be at a location which enables him to maintain his present employment in Michigan. The court finds that this sentence sufficiently punishes this defendant for his criminal conduct and therefore satisfies the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

The clerk shall prepare judgment. The clerk shall also provide a copy of this Sentencing Memorandum to the United States Probation Department for forwarding to the United States Sentencing Commission. The defendant is hereby notified that he has a right to appeal this sentence and must file a notice of appeal within ten days of this order.

**IT IS SO ORDERED.**