**James S. SIAS, an infant, by his next friend, Carrie K. MABRY, and Carrie K. Mabry, individually, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 2:01–00022.

United States District Court, S.D. West Virginia. Charleston Division.

April 12, 2001.

Charles M. Love, IV, Masters & Taylor, L.C., Charleston, WV, for Plaintiffs.

Kathlene Harmon–McQueen, Heather M. Wright, McQueen Harmon & Potter, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff Carrie K. Mabry's (Mabry) motion to dismiss Defendant Wal–Mart Stores, Inc.'s (Wal–Mart) Counterclaim.[1] The Court **GRANTS** the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, James S. Sias' (Sias) grandmother, Clair Marcum, purchased a pre-assembled bicycle with training wheels from Wal–Mart for the child's birthday. Carrie Mabry, Sias' mother, alleges the attachment of training wheels lifted the rear wheel of the bicycle off the ground and prevented the bicycle brakes from functioning properly. Sias was injured in an accident, which Plaintiff alleges was due to the defective condition of the bicycle or its training wheels, or to its negligent assembly and adjustment by Wal–Mart.

Wal–Mart's counterclaim asserts Mabry's negligent supervision of her child or her negligently permitting some third person to supervise the infant proximately caused or contributed to Sias' injuries. Mabry moves to dismiss the counterclaim because it is barred by the doctrine of parental immunity.

## II. DISCUSSION

A federal court sitting in diversity has a duty to apply the operative state law as would the highest court of the state in which the suit was brought. *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir.1992). Where the highest state court has not ruled on a particular question, the district court must predict state law. *Id.* In doing so, a court may consider, among other things, canons of construction, restatements of the law and treatises regularly applied by the courts of the state and whose use for a particular purpose is approved by the state's highest court, recent pronouncements of general rules or policies by the state's highest court, or even that court's well-considered dicta. *Id.* (citations omitted).

While West Virginia recognizes the parental immunity doctrine, it also recognizes several exceptions to the doctrine. The Supreme Court of Appeals of West Virginia has not considered the precise

---

1. Although denominated a "cross-claim," Wal–Mart's claim against Mabry is a counterclaim because Mabry is an opposing party, as opposed to a co-party. *See Rule* 13(a); *compare Rule* 13(g). Fed.R.Civ.P. 13(a), (g).

question raised; however, the Court opines its position on the issue can be predicted from previous rulings.

■ The parental immunity doctrine prohibits a child from bringing a civil action against his or her parents. *Cole v. Fairchild,* 198 W.Va. 736, 749, 482 S.E.2d 913, 926 (1996) (citing *Lee v. Comer,* 159 W.Va. 585, 587–88, 224 S.E.2d 721, 722 (1976)). The underlying purpose of the doctrine is to preserve the peace and tranquility of society and families by prohibiting such intra-family legal battles. *Id.* The West Virginia Court has also noted the "real purpose behind the doctrine 'is simply to avoid undue judicial interference with parental discretion. The discharge of parental responsibilities ... entails countless matters of personal, private choice. In the absence of culpability beyond ordinary negligence, those choices are not subject to review in court.'" *Id.* (quoting *Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933, 936 (Tex.1992)).

■ The doctrine of parental immunity is subject to several exceptions in West Virginia. *Lee v. Comer* abrogated parental immunity for personal injuries sustained in an automobile accident. *Lee,* 159 W.Va. at 591, 224 S.E.2d at 724. In those cases, there is usually liability insurance coverage and, when a parent is insured, a suit brought by a child does not result in the family disharmony that the parental immunity doctrine is designed to prevent. *Id.*

■ In *Courtney v. Courtney,* 186 W.Va. 597, 607, 413 S.E.2d 418, 428 (1991), parental immunity was abrogated where the parent causes injury or death to his or her child from intentional or willful conduct, although the court excepted liability from reasonable corporal punishment for disciplinary purposes. The court cited with approval this reasoning:

> While it may seem repugnant to allow a minor to sue his parent, we think it

more repugnant to leave a minor child without redress for the damage he has suffered by reason of his parent's wilful or malicious misconduct. A child, like every other individual, has a right to freedom from such injury.

*Id.* (quoting *Emery v. Emery,* 45 Cal.2d 421, 429–30, 289 P.2d 218, 224 (1955) (other citations omitted)).

■ Finally, in *Cole v. Fairchild,* supra, the West Virginia Court considered application of the parental immunity doctrine to the defense of contributory or comparative negligence of parents, asserted in a wrongful death action. The court concluded parental immunity did not prohibit the negligence of a parent being asserted as a defense in an action brought by the parent for the wrongful death of a child. *Id.,* syl. pt. 7, 198 W.Va. at 750, 482 S.E.2d at 927. In a wrongful death action, the child's death obviously precludes the potential conflict between the child and parent that is the espoused purpose of the doctrine of parental immunity. *See id.* Additionally, parents bringing a wrongful death action seek compensation and benefit to themselves as a result of the child's death. "It would be inequitable for such a parent to collect the total amount of an award [where] the parent is found to be at least partially at fault." *Id.*

Although the West Virginia court carved out these exceptions to the parental immunity doctrine, it has continued to maintain that, "although there may be some exceptions, the parental immunity doctrine remains a viable concept in West Virginia." *Cole,* 198 W.Va. at 749, 482 S.E.2d at 926 (citing *Courtney,* 186 W.Va. at 606, 413 S.E.2d at 427). In *Lee,* the court also clarified: "We do not here advocate the total abrogation of the parental immunity doctrine [but only] where a child is injured in an automobile accident as a result of his

parent's negligence." *Lee*, 159 W.Va. at 589–90, 224 S.E.2d at 723.

 The general rule remains: West Virginia recognizes parental immunity, which precludes both negligence actions brought by the parent's child and the derivative defensive assertion of contributory negligence against a parent for injuries to the child. The action presently before the Court does not involve an automobile accident where liability insurance is required by public policy and, thus, presumed to exist. It does not arise from an intentional tort committed by a parent to injure his child, nor does it involve a wrongful death action where, unfortunately, the death of the child negates the need to avoid conflict in the parent/child relationship. This Court therefore predicts the Supreme Court of Appeals of West Virginia would apply the general rule of parental immunity to disallow the Defendant's counterclaim.

### III. CONCLUSION

Mabry's motion to dismiss Wal–Mart's counterclaim is **GRANTED** and the counterclaim is **DISMISSED** and stricken from the docket.