No. 13-0159 - *Kimberly Landis and Alva Nelson, as parents and guardians of A.N., a minor v. Hearthmark, LLC d/b/a Jarden Home Brands, Wal-Mart Stores, Inc., C.K.S. Packaging, Inc., Packaging Service Company, Inc., and Stull Technologies, Inc.*

Davis, Justice, concurring, in part, and dissenting, in part:

It has been said that "'[t]he law does not require parents to be perfect[.]'" *In re: Q.A.H. v. M.H.*, No. WD 75786, 2013 WL 3661746, at * 14 (Mo. Ct. App. July 16, 2013) (quoting *In re: S.M.H. v. T.H.*, 160 S.W.3d 355, 372 (Mo. 2005)). *Accord Breese v. Smith*, 501 P.2d 159, 176 (Alaska 1972) ("[W]e do not expect parents to be perfect, recognizing that a certain amount of trial and error is necessary for the development of both the parents and the child[.]"). Nevertheless, this is precisely the expectation that the majority of the Court has imposed upon the parents of the injured child in this case. By allowing the product liability defendants herein to name the child's parents as third-party defendants for the allocation of fault;[1] raise as a defense the parents' negligence or fault in causing or contributing to their child's injuries;[2] and rely upon the parents' conduct as an intervening

---

[1] *See* Maj. op. at Syl. pt. 2.

[2] *See* Maj. op. at Syl. pt. 3.

cause of the child's injuries,[3] the majority has unnecessarily expanded the exceptions to and essentially eviscerated the concept of parental immunity in this State. In short, the majority has let the defendants do indirectly what the child cannot do directly: blame his parents. In one fell swoop, my brethren have effectively usurped a little boy's right to full recompense for the injuries he suffered while he was using the defendants' products to roast marshmallows for a bedtime snack, leaving him, instead, with an imperfect right of recovery against those who legally should be held responsible for his damages. I absolutely cannot agree with this decision to erode the parental immunity doctrine and to deprive an injured child of his right of redress. Accordingly, I dissent from the majority's decision in this case.[4]

### A. The Limited Exceptions to the Parental Immunity Doctrine Do Not Apply to the Facts of this Case

"The filial bond is one of the strongest, yet most delicate, and most inviolable of all relationships[.]" *In re Shaun Christopher M.*, 508 N.Y.S.2d 771, 772, 124 A.D.2d 1025, 1025 (1986) (internal quotations and citations omitted). *Accord Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 17, 124 S. Ct. 2301, 2311-12, 159 L. Ed. 2d 98 (2004) (appreciating "the fragile, complex interpersonal bonds between child and parent" (internal

---

[3]*See* Maj. op. at Syl. pt. 4.

[4]Despite my dissent, I do, however, concur with the majority's holding in Syllabus point 1, wherein the defendants are precluded from asserting a contribution claim against the child's parents by virtue of the parental immunity doctrine. Beyond this limited holding, though, I disagree with the majority's disposition of this case.

2

quotations and citations omitted)).  In recognition of this quintessential truth, we have embraced the concept of parental immunity in this State, which "prohibits a child from bringing a civil action against his or her parents."  *Cole v. Fairchild*, 198 W. Va. 736, 749, 482 S.E.2d 913, 926 (1996) (citation omitted).  We have explained the rationale for this policy as follows:

> The basis for [the parental immunity] doctrine [i]s the preservation of domestic or family tranquility . . . :
>
> The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in a court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent.  The state, through its criminal laws, will give the minor child protection from parental violence and wrong-doing, and this is all the child can be heard to demand.

*Lee v. Comer*, 159 W. Va. 585, 588, 224 S.E.2d 721, 722 (1976) (internal quotations and citation omitted).  Furthermore, we have observed that "the real purpose behind the [parental immunity] doctrine is simply to avoid undue judicial interference with parental discretion.  The discharge of parental responsibilities . . . entails countless matters of personal, private choice.  In the absence of culpability beyond ordinary negligence, those choices are not subject to review in court."  *Cole*, 198 W. Va. at 749, 482 S.E.2d at 926 (internal quotations and citation omitted).

While the purpose of the parental immunity doctrine may be noble, the

3

application of this principle is not absolute. Over time, and in the appropriate circumstances, we have recognized very specific and limited exceptions to the doctrine of parental immunity. *See generally Sias ex rel. Mabry v. Wal-Mart Stores, Inc.*, 137 F. Supp. 2d 699 (S.D. W. Va. 2001) (collecting cases discussing West Virginia judicial decisions regarding parental immunity doctrine and exceptions thereto). However, *none* of the exceptions we heretofore have recognized, *i.e.*, the child's wrongful death,[5] the parent's intentional or wilful conduct,[6] or automobile accidents for which there is liability insurance,[7] are present in this case.[8] And none of these exceptions have limited the exercise of a parent's discretion when

_____

[5]*See* Syl. pt. 7, *Cole v. Fairchild*, 198 W. Va. 736, 482 S.E.2d 913 (1996) ("The parental immunity doctrine does not prohibit the negligence of a parent from being asserted as a defense in an action brought by the parent for the wrongful death of a child.").

[6]*See* Syl. pt. 9, *Courtney v. Courtney*, 186 W. Va. 597, 413 S.E.2d 418 (1991) ("Parental immunity is abrogated where the parent causes injury or death to his or her child from intentional or wilful conduct, but liability does not arise from reasonable corporal punishment for disciplinary purposes.").

[7]*See* Syl. pt. 2, *Lee v. Comer*, 159 W. Va. 585, 224 S.E.2d 721 (1976) ("An unemancipated minor may maintain an action against his parent for personal injuries sustained in a motor vehicle accident caused by the negligence of said parent and to that extent the parental immunity doctrine is abrogated in this jurisdiction."). *See also Lusk v. Lusk*, 113 W. Va. 17, 166 S.E. 538 (1932) (allowing pupil injured in school bus accident to sue her father, as operator of bus, where father was protected by indemnity insurance in his vocational capacity).

[8]Although not the prevailing view, the majority nonetheless potentially could have recognized an exception to the parental immunity doctrine to permit an infant plaintiff to assert a claim against his parents for injuries for which there is available homeowners insurance coverage as a logical, but limited, extension of our prior holdings in Syllabus point 2 of *Lee v. Comer*, 159 W. Va. 585, 224 S.E.2d 721, and *Lusk v. Lusk*, 113 W. Va. 17, 166 S.E. 538. *See Verdier v. Verdier*, 364 Ark. 287, 291, 219 S.W.3d 143, 145 (2005)

(continued...)

4

supervising his/her child.

In its most basic sense, the crux of the case *sub judice* concerns the exercise of two parents' discretion in the supervision of their child. Whether such discretion was exercised rightfully, wrongfully, negligently, or otherwise is not for us to say because parents are immune from suit by their children in this State. We have specifically held that "[t]he rule of parental immunity from an injury to a child will not be extended to a case in which the reason for the rule fails." Syl., in part, *Lusk v. Lusk*, 113 W. Va. 17, 166 S.E. 538 (1932). In the instant proceeding, the majority has not expressly abolished, limited, or otherwise found the doctrine of parental immunity to be inapplicable to the facts of this case. And I submit that no good reason to alter parental immunity exists in the case *sub judice* insofar as the vast majority of jurisdictions that have considered similar claims involving a child who has sustained burn injuries while under his/her parents' supervision have found the child's parents to be immune from suit by the injured child. *See generally Neel v. Sewell*, 834

---

[8](...continued)
("Broadening the exception to the parental-immunity doctrine to cases where a parent is covered by liability insurance through an existing homeowner's policy leads to a dangerous slippery slope."); *Sepaugh v. LaGrone*, 300 S.W.3d 328, 338 (Tex. App. 2009) (rejecting exception to parental immunity doctrine based upon existence of applicable homeowners insurance as contrary to Texas law). *Cf. American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115-16 (Minn. 1983) (holding household exclusion in policy of homeowners insurance to be valid despite parents' immunity from suit by child). However, it does not appear that the parties have made this argument or that the parents have challenged the rejection of coverage under their policy of homeowners insurance in this case.

F. Supp. 2d 648 (E.D. Mich. 2011); *Bell v. Schwartz*, 422 F. Supp. 257 (D. Minn. 1976); *Hush v. Devilbiss Co.*, 77 Mich. App. 639, 259 N.W.2d 170 (1977); *Murray by Olsen v. Shimalla*, 231 N.J. Super. 103, 555 A.2d 24 (1989); *Zikely v. Zikely*, 470 N.Y.S.2d 33, 98 A.D.2d 815 (1983), *aff'd*, 479 N.Y.S.2d 8, 467 N.E.2d 892 (N.Y. 1984); *Talarico by Johnston v. Foremost Ins. Co.*, 105 Wash. 2d 114, 712 P.2d 294 (1986). *But see Petersen v. City & Cnty. of Honolulu*, 51 Haw. 484, 462 P.2d 1007 (1969). I find the reasoning of these cases to be legally sound and consonant with the policy we have adopted in this State to maintain the integrity of familial relationships through application of the parental immunity doctrine.

Yet, through its holdings herein, the majority essentially has abrogated parental immunity by allowing alleged tortfeasors to indirectly hold parents liable for their children's injuries *even though the child still has no right of recovery against his/her parents*. Therefore, if the infant plaintiff in this case cannot seek recompense for his injuries from his parents, neither should the products liability defendants who allegedly caused his injuries.

### B. The Majority's Decision Deprives the Infant Plaintiff of His Right to Recover for His Injuries

"Children sweeten labours, but they make misfortunes more bitter." Francis Bacon, *Essays Civil and Moral*, *Essay VII* "Of Parents and Children." Such words are truer still when a person's status as a child inexplicably limits his/her legal right to recover for catastrophic injuries sustained in a most unfortunate household accident. Yet this is precisely the result of the majority's decision in this case.

A fundamental principle of the law of torts is the right of an injured party to recover fully and completely for injuries caused by a tortfeasor. In other words, "a plaintiff is entitled to one . . . complete satisfaction for his injury." *Board of Educ. of McDowell Cnty. v. Zando, Martin & Milstead, Inc.*, 182 W. Va. 597, 604, 390 S.E.2d 796, 803 (1990). *Accord Savage v. Booth*, 196 W. Va. 65, 70, 468 S.E.2d 318, 323 (1996) ("[A]n injured plaintiff should receive but one recovery in complete satisfaction for the wrong suffered." (citation omitted)); Syl. pt. 7, in part, *Pennington v. Bluefield Orthopedics, P.C.*, 187 W. Va. 344, 419 S.E.2d 8 (1992) ("'At common law, an injured party may have only one full recovery[.]' Syllabus point 1, [in part,] *Thornton v. Charleston Area Medical Center*, 158 W. Va. 504, 213 S.E.2d 102 (1975)."). *See also* Syl. pt. 3, in part, *State Farm Mut. Auto. Ins. Co. v. Schatken*, 230 W. Va. 201, 737 S.E.2d 229 (2012) ("'It is generally recognized that there can be only one recovery of damages for one wrong or injury. . . .' Syl. Pt. 7, in part, *Harless v. First Nat'l Bank in Fairmont*, 169 W. Va. 673, 289 S.E.2d 692 (1982).");

7

*McDavid v. United States*, 213 W. Va. 592, 601, 584 S.E.2d 226, 235 (2003) (same); *Stump v. Ashland, Inc.*, 201 W. Va. 541, 550, 499 S.E.2d 41, 50 (1997) (same).  With respect to infants who have sustained injuries and seek redress therefor, we have held that "[u]nemancipated minors enjoy the same right to protection and to legal redress for wrongs done them as others enjoy."  Syl. pt. 1, *Lee v. Comer*, 159 W. Va. 585, 224 S.E.2d 721.  Thus, it stands to reason that the infant plaintiff in the case *sub judice* also is entitled to "one . . . complete satisfaction for his injury."  *Zando*, 182 W. Va. at 604, 390 S.E.2d at 803.

Until the majority rendered its decision in this case, A.N. would have been entitled to a full recovery for his injuries by seeking redress from the products liability defendants because the doctrine of parental immunity precludes him from suing his parents for their role, if any, in causing his injuries.  Despite the majority's holding that "the parental immunity doctrine precludes a defendant from asserting a contribution claim against the parents of the child,"[9] such a pronouncement is illusory insofar as the practical application of the remainder of the majority's new Syllabus points allows a defendant to reduce his/her liability by referencing the fault of the parents in supervising their child even though the defendant may not, directly, seek contribution from the child's parents.  The only logical reason a defendant would wish to avail itself of these fault-shifting mechanisms is to reduce its own liability to the injured child.  However, by reducing the amount of damages a

---

[9]Maj. op. at Syl. pt. 1, in part.

8

products liability defendant must pay to an injured child, so too are the damages the injured child, him/herself, is entitled to recover correspondingly diminished because the doctrine of parental immunity precludes the child from seeking recompense from his/her parents. I do not agree with my brethren that the infant plaintiff in this case should be deprived a full and complete recovery lest the products liability defendants be held accountable for their role in causing or contributing to his tragic injuries.

This Court has recognized that "the need for and value of family tranquility must not be discounted,"[10] and, to this end, we have long embraced the doctrine of parental immunity in this jurisdiction. Sadly, the majority's holdings herein foretell the abandonment of our allegiance to this time honored doctrine. Because I do not agree that the doctrine of parental immunity is an archaic relic of a bygone era, I respectfully dissent from the majority's decision in this case.

---

[10]*Lee v. Comer*, 159 W. Va. at 588-89, 224 S.E.2d at 723 (internal quotations and citation omitted).